## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 2019 CR 00369(APM) |
| v. : | |
| : | The Honorable Amit P. Mehta |
| **TERRELL ARMSTEAD,** : | |
| : | Trial Resumes:  February 24, 2020 |
| **Defendant.** : | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION TO CONTINUE THE TRIAL

The Defendant has moved to continue the trial in this case. The letter sent to chambers on February 23, 2020 primarily argues that a continuance is warranted due to alleged discovery violations. The allegations of a discovery violation are unfounded here because the discovery complies with the principles of Jencks, *Brady* and *Giglio*. In fact, grand jury materials were provided to the defendant well in advance of trial, thus the Court should proceed with trial as scheduled.

### **ARGUMENT**

**A. A continuance is not warranted because there have been no discovery violations and Defendant has not been prejudiced.**

There is no need for a continuance because the defense identifies no violation of any discovery, Jencks, *Brady*, or *Giglio* obligation – and there has been none. Moreover, defendant's claimed inability to prepare for trial is not supported by the amount and nature of materials produced more recently.

1

**Handwritten Notes and 302s are Not Witness Jencks**

Defendant's complaints about handwritten notes are misplaced.  Absent more, handwritten notes and memoranda of interview (sometimes called FBI Form 302s) are *not* required to be produced as Jencks material.  Preliminarily, on timing, Jencks material is producible only *after* a "witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also* § 3500(b).  Substantively, Jencks material constitutes only a "statement or report in the possession of the United States which was made by a Government witness or prospective Government witness." 18 U.S.C. § 3500(a).  Because agent notes are not made by the witness nor signed by the witness, they can only be a "statement" within the Jencks Act if they constitute "a stenographic recording . . . which is a substantially verbatim recital of an oral statement." 18 U.S.C. § 3500(e).  But, there is no allegation or evidence that the handwritten notes sought here are such, and a review of these materials proves that they fail to meet this standard.

Under such circumstances, courts have repeatedly found that such notes are not producible as Jencks.  Simply put, "[w]hile handwritten notes may contain verbatim statements, the notes of FBI agents are not verbatim transcripts of the interview." *United States v. Flynn*, 411 F. Supp. 3d 15, 37 (D.D.C. 2019) (Sullivan, J.) (citation omitted).  Thus, numerous courts – including the Supreme Court and the D.C. Circuit – have rejected any requirement to produce such un-adopted notes as Jencks material.[1]

---

[1] *See*, *e.g.*, *Palermo v. United States*, 360 U.S. 343, 352–53 (1959) (holding that "summaries of an oral statement which evidence substantial selection of material . . . are not to be produced" under the Jencks Act); *United States v. Oruche*, 484 F.3d 590, 598 (D.C. Cir. 2007) ("The notes taken by [the officer] are not Jencks Act material (because they are not a full transcription of [witness's] statement"); *United States v. Donato*, 99 F.3d 426, 433 (D.C. Cir. 1997) (denying appellate's claim that under the Jencks Act the government was required to produce notes and reports regarding an interview of a cooperating witness that were prepared by a government

**Redacted Materials**

Contrary to the defense complaints, the 302 of S.J. was redacted in compliance with the Court's order on Friday, February 21, 2020. The redacted portions do not relate to the defendant's case. We understood the Court to authorize our redactions of the unrelated materials during an *ex*

---

agent); *United States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003) (agent's interview notes not Jencks because "substantially verbatim" means using nearly the exact wording or phrasing the witness uttered"); *Duncan v. Cain*, 278 F.3d 537, 539 (5th Cir. 2002) (police notes of witness interview not Jencks); *United States v. Marrero-Ortiz*, 160 F.3d 768, 776 (1st Cir. 1998) ("A written summary of a witness interview is not a statement unless the evidence shows that the witness adopted the notes, a phenomenon that would occur, for example, if 'the interviewer read the statement back to the witness and . . . the witness approved the statement.'"); *United States v. Ramos*, 27 F.3d 65, 69-70 (3rd Cir. 1994) (agent's notes of interview with cooperating co-conspirators not Jencks because not substantially verbatim); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) (holding that agent summaries of witness interview not disclosable); *United States v. Phibbs*, 999 F. 2nd 1053, 1089 (6th Cir. 1993) (pretrial interview notes not Jencks because not substantially verbatim); *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) ("Although the Forms 302 were based on the FBI agents' interviews with Dana, they were not signed by Dana, nor do they contain substantially verbatim statements by Dana relating to the subject matter on which Dana testified, as opposed to 'scattered jottings' made by the FBI agents. We hold that the FBI Forms 302 were not discoverable statements under the Jencks Act."); *United States v. Marshall*, 985 F. 2nd 901, 908 (7th Cir. 1993) ("An agent's summary of a witness' oral statement that is not signed or adopted by the witness is not subject to disclosure under the Jencks Act."); *United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993) (finding no Jencks Act or Brady violations where the government produced summaries of handwritten notes instead of the actual notes; "even here where the notes may have been available, absent a showing that the typewritten summaries departed in substance from the handwritten notes, or that the government acted in bad faith, the typewritten equivalent should be sufficient."); *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990) ("A government agent's rough notes will not be Jencks Act statements when they 'are not complete, are truncated in nature, or have become an unsiftable mix of witness testimony, investigator's selections, interpretations, and interpolations.'").

*parte* telephone conversation. However, should any concerns persist; the Government is not opposed to providing the materials for in-camera review.

**Recently-Produced Materials**

There should be no concerns with claimed late production of witness statements and related materials (*e.g.*, 302s which, as noted above, are not Jencks material). The defendant claims that there were Grand Jury transcripts that were recently disclosed, however, all grand jury materials were disclosed over a month prior to this trial date – far exceeding any requirement under Jencks, *Brady*, and *Giglio*. Thus, the defense has had ample time to review prior to trial.

Admittedly, many of the interviews of witnesses are recorded and summarized in 302s as well as memorialized in notes. Out of an abundance of caution, the government produced each captured version of these interviews, but the substance of those iterations remains the same.

Lastly, the four disks that the defendant references were provided to government counsel on Wednesday, February 19, 2020 by a witness during a witness conference. The government provided copies of those interviews to the defense on the morning of February 20, 2020. Thus, there has been no late disclosure as the government/prosecution itself just received the material. As to time the defense claims it needs to review and prepare based on those statements, the recording time actually far exceeds the duration of any spoken interview. For example, on each interview, the subject of the interview is sitting idle for at least an hour before or after the interview. Only one of these interviews is of a witness the Government intends to call at trial, and it is quite cursory in nature. The Government does not intend to call two of these subjects, and the Defendant makes no statements during this recorded interview. Thus, the import of any materials contained on these disks is minimal. Furthermore, the substance of these interviews was produced in the Arlington County police paperwork that was provided to the defense on February 12, 2020, and

reproduced on February 13, 2020.[2]

The defendant does not allege that there were any new substantive disclosures between Friday, February 21, 2020 and today, February 23, 2020. In sum, there have been no discovery violations, or breaches of required timing with respect to productions. Moreover, given the nature of the materials provided, the defense can adequately prepare for trial. Defendant has identified no need for additional time, such as for further investigation based on any of the materials provided, but rather simply claims to need additional time for counsel to review it and incorporate it into plans for witness cross-examination. Because the Jencks Act contemplates production even after witnesses have testified, such claimed need for additional time is simply unwarranted given very experienced defense counsel. At most, if it is simply a question of attorney review of written or recorded materials produced, a continuance of one day should suffice to give defense the time required to review and re-review the most recently-produced materials.

**B. A continuance will substantially prejudice the government by exposing its witnesses to continued intimidation and uncertainty – in a case where obstruction via witness intimidation is one of the charged offenses.**

Defendant's motion to continue comes after receiving discovery (grand jury transcripts and the like) reflecting that the young women he has long controlled through force, fraud, and coercion (and threats of the same) are prepared to testify to the truth: Defendant is guilty of the charged crimes. Realizing this, Defendant's present desire for more time to prepare for trial – after having initially demanded an early January 6 trial date, eschewing any concerns about need for further time to prepare – appears to be not simply gamesmanship, but a bid for more time to achieve his obstructive goals: continued intimidation of the witnesses against him. Allowing a continuance

---

[2] It must not escape the Court's attention that this incident was, in part, a focus of the Government's Notice of Intent to Introduce Evidence Pursuant to FRE 404(b), which the Government filed on December 16, 2019.

while permitting the defendant to continue contacting and intimidating those witnesses risks substantially prejudicing the government's case.

**Witness Security**

As the government has repeatedly raised with the Court, witness security is a high priority for the victims and witnesses in this case. The defendant has repeatedly made attempts to obstruct justice by harassing the primary victim in this case. Moreover, we have learned that several of the witnesses that the government revealed in the witness list have been put on notice that the defendant's associates are aware of their participation in this case. Statements that the defendant has made reveal that controlling the narrative for any witness in his case is a top priority for him. Many of the witnesses have indicated that they are afraid of the defendant, or his associates, retaliating if they testify. The government has made every effort, from petitioning for a stay away order from S.B., monitoring the defendant's jail calls, and seeking a search warrant for the defendant's cell to search for coded messages, in an effort to stop the defendant's ongoing criminal conduct and to provide safety and security for vulnerable witnesses. We have alerted the jail and asked that particular numbers to be blocked, only to learn that the defendant switched to using the commissary kiosk system to communicate with the victim.

**Witness Hardship and Limited Availability**

In addition, a continuance would cause a substantial hardship on the government witnesses. Many of the witnesses are mothers of small children. Family schedules have been disrupted and income lost for jobs. The witnesses have already traveled from several states. It is a hardship for the witnesses to travel, as they have to be present for the long-scheduled trial date.

## RELIEF SOUGHT

If the Court is inclined to grant any continuance, the Government requests, first, that the

Court impose the Stay Away Order, directing the defendant to refrain from communicating with S.B., or with any other witnesses listed on the Government's witness list – directly or through a third party- unless said party is part of the defense team.  As indicated in S.B.'s materials produced to the defense, and previously brought to the Court's attention, the defendant has continuously threatened S.B. with death if she were to expose him to the authorities.

Second, the Government requests that the Court permit, at most, a 24-hour continuance to give defense counsel additional time, if desired, to review the most recently-produced materials. The defense letter does not identify such a scope of materials that could not comfortably be reviewed within that period of time, particularly given that more than one trial attorney is handling this matter for the defense.  In the alternative, given the prejudice to the government, defense counsel should be required to make a more specific proffer about the specific volume of material it claims it needs a continuance to review and how long such review will take – and the government should be given an opportunity to respond (because the government understands the volume of material could be easily reviewed in far less time than the defense purports).

## CONCLUSION

WHEREFORE, the government, prior to trial, provided the Defendant with extensive and appropriate discovery. In light of the fact that the disclosures were timely, the government respectfully requests that the defendant's motion be DENIED.

Respectfully submitted,

TIMOTHY SHEA
UNITED STATES ATTORNEY
D.C. Bar Number 437437

By:   */s// Kenya K. Davis & Amy E. Larson*
Kenya K. Davis, D.C. Bar Number 502305
Amy E. Larson, N.Y. Bar Number 4108221
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-7059 / 8654
Email: Kenya.Davis@usdoj.gov
          Amy.Larson2@usdoj.gov