LAW OFFICE OF
**JONATHAN ZUCKER**
37 Florida Avenue, N.E., Suite 200
Washington, DC 20002-3319

Jonathan Zucker*                                    Phone: (202) 624-0784
Patricia Daus                                       Fax:  (202) 609-9653
Peter Wright
*Also Admitted MD

US v. Terrell Armstead

Dear Judge Mehta:

I am writing to bring to your attention in advance a matter that will be raised tomorrow morning when the US v. Terrell Armstrong trial is to resume.  The defense's ability to prepare for trial has been severely impaired by the late disclosure of discovery material in this case. This matter was raised prior to jury selection. Notwithstanding that I and Mr. Wright have spent virtually the entire weekend reviewing the recently disclosed material and attempting to integrate in into the trial preparation, it is simply impossible to do so given the volume of material that has been recently disclosed. Assuming this matter proceeds to trial and results in a conviction I will have no choice but to disclose in any ineffective assistance claim that I proceeded to trial without reviewing hundreds of pages of discovery material. Similarly, there are hours of videotaped and audio interviews that cannot be reviewed and integrated into the trial preparation because of the late disclosure.

Prior to February 9th, there were 9 discovery production folders.

Since February 10th, there have been (we believe) 11 discovery production folders, four CDs of video interviews from June 2015, and a CD of final jail calls. To be fair, some of the material seems to be duplicative of some previously disclosed materials but it still needs to be reviewed to see what is there and what has already been disclosed and reviewed.

The recent productions amount to approximately 1,100 individual files/documents that were disclosed.  While many files include photographs and other one or few page items, which can be reviewed quickly, some are grand jury transcripts, 302s, sworn affidavits for search warrants, and other

materials that require thorough review to prepare for cross of each witness. The affidavits and some of the Grand Jury transcripts are lengthy. Suffice it to say that literally thousands of pages of documents have been disclosed since February 10, 2020.    The materials amount to more than 7 GB of data.

On February 16, 2020 seven  audio interviews were uploaded from witness interviews: **1 that occurred in March 2019, 2 occurred in September 2019**, **2 in November 2019,** 1 in December 2019, and 1 from February 2020. These 7 files total about 4.5 hours of audio.  In addition to listening to the interviews it is necessary to prepare digests that can be worked into cross examinations.   I and a law clerk spent 10 -12 hours digesting 3 of those interviews[1] that relate to one of the first witnesses anticipated. We have been unable to do so with the remaining interviews.

On February 20, four CDs were produced  of interviews[2] that occurred in the Arlington County case from 2015.  These CDs include another 9.5+ hours of video interviews with trial witnesses that need to be reviewed and digested.  A cursory review of one video interview identified significant contradictory information on a trial witness compared to recent 302 disclosures and audio interview. This material could be effectively used to undermine the credibility of the witness assuming the witness trial testimony is consistent with what has been disclosed in their 302. It is likely similarly useful material is contained in other portions of these recorded statements but there is not sufficient time to review the material and work up the inconsistencies because the 9.5  hours of interviews were disclosed the afternoon before jury selection began.

We do not  believe the handwritten notes for each interview and corresponding 302 has been produced. On February 22nd at 7:30pm, we received some of the hand written notes for trial prep witness conferences that correspond to 302s that have been provided and one relating to an

---

[1] The last 13 minutes of one of those interviews "froze" and has yet to be listened to although I expect to be able to resolve that

[2] These 4 CDs are in addition to the 11 discovery production folders.

interview in October 2019 with SB.  We do not have the corresponding notes for the previously disclosed 302s.[3]

Notwithstanding the court's admonitions the materials we are receiving are still redacted.  A particularly egregious example is that about half of a 7 page 302 involving S.J. that was disclosed on February 21, 2020,  was redacted.  This was literally disclosed a few hours after the court ordered that non-redacted versions be provided.  (In fairness it may be that redaction was done prior to the Court's instruction.)  Within the redacted items is what seems to be a misidentification of two separate people as being "Chanel Redz" but because of the redactions, we do not know who these people were or how significant that misidentification could be for cross-examination.  Similarly, notwithstanding the court's instruction that non redacted materials be produced that has not been done. Realistically it may be that the prosecution does not have sufficient time to produce unredacted replacements given the demands on them of preparing for trial.

In that same disclosure on Friday night, the government disclosed photos of S.B.'s notebook taken during the cell search. In the notebook is a statement from A.I. that is heavily redacted, but seemingly related to a custody issue that A.I. was dealing with.  Based upon A.I.'s grand jury, A.I. said that she had only had one passing interaction with S.B. since they first met.  Her handwriting being within S.B.'s notebook may contradict that sworn statement.

This material that is being redacted and disclosed late is prime for use in impeaching witnesses and preparing for cross-examination, but there just is not time to get it done.  Consequently, regrettably I have no choice but to request that trial of this matter be delayed. The late disclosure has placed me in the Hobson's choice of having to choose between requesting a continuance or proceeding to trial knowing that I have not properly prepared by appropriately reviewing the discovery.  I do not make this request lightly.  I understand the waste of judicial, legal  and juror resources involved. Notwithstanding this I will continue to prepare for trial as best I can.

---

[3] It is possible those notes are contained within the more recent disclosures but because it is impossible to review all the material prior to resumption of trial we do not know.

Sincerely,

/s/

Jonathan Zucker