UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:19-CR-00369(APM) |
| v. : | |
| : | The Honorable Amit P. Mehta |
| **TERRELL ARMSTEAD,** : | |
| : | |
| **Defendant.** : | |

### MOTION IN LIMINE TO EXCLUDE CROSS-EXAMINATION OF WITNESSES ABOUT UNCHARGED CRIMES ELSEWHERE

Defendant should not be permitted to cross-examine witnesses about criminal conduct in other jurisdictions, such as state prosecutions, particularly uncharged conduct. Such cross-examination is not relevant to any matter at issue in the case – including potential bias of the witness, because the prosecution in this case does have control over prosecutorial decisions by other jurisdictions. Moreover, any limited relevance is far outweighed by the prejudicial impact of uncharged, unconvicted conducted under the balancing test set forth in Fed. R. Evid. 403.

In *United States v. Diaz*, 26 F.3d 1533, 1540 (11th Cir. 1994), for example, the Circuit Court of Appeals upheld refusal to permit defendant to cross-examine a government agent about a pending state court indictment for vehicular homicide, reasoning that such a restriction was proper because "the information sought to be elicited must be relevant." *Id*. There, the pending separate prosecution was not relevant. That is, the Court rejected the argument that such a state prosecution was and could not be relevant to bias or evidence that the agent had motivation to "curry favor" in federal prosecution because no evidence that "government had the ability to grant leniency" in agent's unrelated state prosecution for vehicular homicide. *Id*.

Other courts have reached the same result. *See*, *e.g.*, *United States v. Thorn*, 917 F.2d

170, 175-76 (5th Cir. 1990) (trial court properly prohibited introduction of evidence of pending state drug indictment because no evidence that government could influence the outcome of the state case); *Bowling v. Commonwealth*, 80 S.W.3d 405, 411 (Ky. 2002) (no motive to curry favor where the prosecuting attorney had no jurisdiction to grant any leniency to the witness with respect to charges in another county); *cf. United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989) (no *Brady* violation where no basis to believe that the evidence of the state court indictment would have been admissible in the federal proceedings).

This also applies where the cross-examination relates to unproven allegations. *See*, *e.g.*, *United States v. Novaton*, 271 F.3d 968, 1007 (11th Cir. 2001) (trial court did not abuse discretion in refusing to permit cross-examination of purported bias related to uncharged conduct by government agent; in addition to limited, if any, probative value, "[t]he insertion into the trial of unproven allegations that Lucas had stolen cocaine had the obvious potential to cause serious and unfair prejudice to the government."); *United States v. Taylor*, 417 F.3d 1176, 1180 (11th Cir. 2005) (affirming trial court's refusal to allow defense to "admit or reference evidence of unproven, citizen complaints that were brought against [o]fficer").

Respectfully submitted,

TIMOTHY SHEA
UNITED STATES ATTORNEY
D.C. Bar Number 437437

By:     */s// Kenya K. Davis & Amy E. Larson*
Kenya K. Davis, D.C. Bar Number 502305
Amy E. Larson, N.Y. Bar Number 4108221
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-7059 / 8654
Email: Kenya.Davis@usdoj.gov
Amy.Larson2@usdoj.gov