UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRELL ARMSTEAD,<br><br>Defendant. | NO. CR19-CR-369<br><br>GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR AND SEXUAL PREDISPOSITION |

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby moves the Court, pursuant to Rules 412 and 403 of the Federal Rules of Evidence, to exclude at trial any evidence, in any form, relating to the sexual behavior or sexual predisposition of S.B. including, but not limited to, other acts of prostitution which are not directly at issue in this case.

**INTRODUCTION**

Trial resumes on March 2, 2020. The government intends to call S.B. as a witness to testify about how the defendant began to sex traffic her when she was only 16 years old. There has already been testimony through other witnesses in this case that S.B. may have engaged in commercial sex acts before she was trafficked by the defendant. The defense has had the opportunity to explore this area through at least two prior witnesses. However, as S.B. is an extremely vulnerable victim, and due to the ongoing security concerns that the government has expressed to the Court on numerous occasions, the government moves *in limine* for an order

precluding the defense from seeking to elicit, during cross-examination of S.B., evidence offered to prove that she allegedly engaged in other sexual behavior, to include commercial sex acts before being trafficked by Defendant.

## ARGUMENT

### 1. The Court Should Exclude Evidence of S.B.'s Other Sexual Behavior and Alleged Sexual Predisposition Pursuant to Fed. R. Evid. 412

Rule 412 of the Federal Rules of Evidence is a rule of exclusion that imposes, in cases involving allegations of sexual misconduct, significant limitations on the admissibility of "evidence relating to [a] victim's other sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment." *See* Fed. R. Evid. 412, Advisory Committee Note to 1994 Amendments. It takes precedence over other Federal Rules of Evidence, including Rules 402, 404(b), 405, 607, 608, and 609. *Id.* The purpose of the Rule is to "safeguard . . . victim[s] against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process," and thereby "encourage[] victims of sexual misconduct to institute and participate in legal proceedings against alleged offenders." *Id.; see also United States v. Cephus,* 684 F.3d 703, 708 (7th Cir. 2012) (Posner, J.) ("If admissible, such evidence would deter many victims of sexual abuse from testifying . . . .").

Rule 412 accomplishes this purpose by barring evidence of a victim's "other sexual behavior" or alleged "sexual predisposition" from being introduced at trial, except in three narrow circumstances, which are discussed below. The phrase "sexual predisposition," as it is used in Rule 412, includes "evidence that . . . the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." Fed. R. Evid. 412, Advisory Committee Note to 1994 Amendments. Likewise, the phrase "sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact or that imply sexual intercourse or sexual contact." *Id.* The word "other" refers to all other sexual behavior that is not at issue in the case. *See id.* ("The word 'other' is used to suggest some flexibility in admitting evidence 'intrinsic' to the alleged sexual misconduct"); *see also United States v. Torres*, 937 F.2d 1469, 1472 (9th Cir. 1991) (construing phrase "past sexual behavior" in older version of Rule 412 to include "all sexual behavior of the victim . . . which precedes the date of the trial").

Federal courts have uniformly found that cases involving allegations of sex trafficking and interstate prostitution "involve alleged sexual misconduct" for purposes of Rule 412. These courts have applied Rule 412 to exclude evidence of a victim's sexual behavior that is not related to the charges, including a victim's alleged prior or subsequent involvement in prostitution. *See, e.g.*, *United States v. Rivera*, 799 F.3d 180, 185-86 (2nd Cir. 2015); *United States v. Alvarez*, 601 Fed. Appx. 16, 2015 WL 424326 (2nd Cir. February 3, 2015) (unpublished) (applying Rule 412 where defendant was charged with counts of interstate prostitution pursuant to 18 U.S.C. § 2422(a) and sex trafficking pursuant to 18 U.S.C. § 1591); *United States v. Campbell*, 764 F.3d 880 (8th Cir. 2014) (applying Rule 412 to case involving sex trafficking of a minor); *United States v. Williams*, 564 Fed. Appx. 568, 575-77 (11th Cir. May 5, 2014) (unpublished) (applying Rule 412 to sex trafficking prosecution under 18 U.S.C. §1591); *Cephus*, 684 F.3d at 708 (7th Cir. 2012) (Posner, J.) (affirming district court's application of Rule 412 in case involving18 U.S.C. §1591); and *United States v. Valenzuela*, 495 Fed. Appx. 817, 819-20 (9th Cir. 2012) (unpublished) (assuming without deciding that Rule 412 applies to prosecutions under 18 U.S.C. §1591).

**B.     The Narrow Exceptions Set Forth in Fed. R. Evid. 412(b) Do Not Apply**

Rule 412(b) outlines three narrow exceptions to this general rule of exclusion. Pursuant to Rule 412(b), the Court "may admit" the following: (A) "evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;" (B) "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent;" and (C) "evidence whose exclusion would violate the defendant's constitutional rights." If a defendant intends to introduce evidence of a victim's other sexual behavior or alleged sexual predisposition under one of these exceptions, he must file a sealed motion fourteen days before trial that "specifically describes the evidence and states the purpose for which it is to be offered." Fed. R. Evid. 412(c). Failure to do so without good cause should result in automatic exclusion. *United States v. Romone*, 218 F.3d 1229, 1235-36 (10th Cir. 2000).

None of the above-listed exceptions apply here. The first two exceptions do not apply because the defendant is charged, in part, with sex trafficking S.B. and transporting S.B. in interstate commerce for the purpose of engaging in prostitution when she was still a minor. *See*

*United States v. Elbert,* 561 F.3d 771, 776 (8th Cir. 2009) (noting these exceptions did not apply because defendant was not charged with sexually assaulting victims). There is no issue regarding the source of any semen, injury, or physical evidence with respect to any sexual acts between the defendant and S.B. Nor is consent by S.B. to any sexual act a defense to any of the crimes charged in the indictment. Indeed, the defendant has not been charged with engaging in any type of sexual act with any of the victims. Even if such issues existed, evidence relating to a victim's unrelated sexual activity – including acts of prostitution – before she was recruited and transported by the defendant - is irrelevant and unfairly prejudicial, as explained below. *See* Fed. R. Evid. 412, Advisory Committee Notes ("Evidence offered for the specific purpose identified in this subdivision may still be excluded if it does not satisfy Rules 401 or 403.").

The third narrow exception under Rule 412(b)(1)(C) also does not apply because exclusion of the evidence would not violate the defendant's rights under the Fifth and Sixth Amendments to introduce evidence in his defense. *See United States v. Culver,* 598 F.3d 740, 749 (11th Cir. 2010). A defendant is "not constitutionally entitled to present irrelevant evidence," *Doe v. United States*, 666 F.2d 43, 47 (4th Cir. 1981), and "[t]he Confrontation Clause only requires admission of probative evidence," *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009). Moreover, a defendant's right to introduce evidence is "not without limitation" and must "bow to accommodate other legitimate interests," such as safeguarding a victim against the invasion of privacy and harassment. *Michigan v. Lucas*, 500 U.S. 145, 149 (1991). As the Supreme Court has recognized, "trial judges retain wide latitude . . . to impose reasonable limits on [testimony] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

This case is similar to *United States v. Cephus*, where the Seventh Circuit affirmed the district court's decision to exclude evidence in a sex trafficking case that an adult victim had worked as a prostitute before being recruited by the defendant. 684 F.3d at 708. The *Cephus* Court explained its conclusion as follows:

> [The defendant] wanted to suggest that having already been a prostitute [the victim] would not have been deceived by [him] and therefore her testimony that she was coerced into working for him … should be disbelieved. But the testimony sought to be elicited by the cross-examination would have been irrelevant. Even if no promises were made to [the victim], this would not be evidence that

> she consented to be beaten and to receive no share of the fees paid by the johns she serviced. And even if she knew going in, from her prior experience, that [the defendant] probably would beat her, it was still a crime for him to do so. And finally the fact that she'd been a prostitute before does not suggest that he didn't beat and threaten her – that was his modus operandi and there's no evidence that he would have made an exception for [the victim].

*Id*.

Similarly, in *United States v. Elbert*, the Eighth Circuit rejected a defendant's argument that the exclusion of evidence that a minor victim had worked as a prostitute before and after her encounter with the defendant violated his constitutional right to present a "far more powerful defense." 561 F.3d at 777-78. In reaching its decision, the court appropriately noted that "[w]hether the children engaged in acts of prostitution before or after their encounters with [the defendant] is irrelevant, and *would only prove other people may be guilty of similar offenses* of recruiting, enticing, or causing these victims to engage in a commercial sex act." *Id*. at 778 (emphasis added). In *United States v. Roy*, 781 F.3d 416 (8th Cir. 2015), the Eighth Circuit reaffirmed that these principles also fully apply to adult sex trafficking victims. In affirming a district court's ruling to exclude evidence of prior and subsequent sexual history in a sex trafficking prosecution under Section 1591, the *Roy* Court held that:

> At issue here is not recruiting an individual to engage in commercial sex for the first time, but doing an act with the use of force, threats, fraud, or coercion to cause the victim to engage in commercial sex. The victim's participation in prostitution *either before or after* the time period in the indictment has no relevance to whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex.

*Id.* at 420 (emphasis added).

As in *Cephus*, *Elbert*, and *Roy*, evidence that S.B. has engaged in unrelated sexual behavior, including commercial sex acts, before she became the defendant's victim, is entirely irrelevant to the question of whether he committed the crimes charged and the defendant does not have a constitutional right to present it to the jury. Put differently, the defendant committed these crimes regardless of S.B.'s unrelated sexual behavior, including any prior or subsequent commercial sex acts. Nothing about that unrelated sexual behavior makes it more or less likely that the defendant transported victims across state lines for the purpose of prostitution, or that the defendant used force, fraud, or coercion to cause the her to engage in commercial sex acts, or that he trafficked her when she was a minor. *See United States v. Lockhart*, 844 F.3d 501, 510

(5th Cir. 2016) ("[E]vidence of the victims' pre- and post-indictment prostitution is not relevant to prove an element necessary to convict [the defendants], and therefore, the district court did not violate the Fifth Amendment when it excluded such evidence pursuant to Rule 412"); *United States v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016), *petition for certiorari docketed*, No. 16–6207 (Sept. 27, 2016) (holding that evidence of prior acts of prostitution "is either entirely irrelevant or of such slight probative value in comparison to its prejudicial effect that a decision to exclude it would not violate [the defendant's] constitutional rights"); *United States v. Rivera*, 799 F.3d 180, 185-86 (2nd Cir. 2015) (affirming exclusion under Rule 412 in sex trafficking case of evidence related to victims' prior involvement in sex industry and rejecting argument that such prior involvement is "relevant to whether she was coerced or whether, on the other hand, she *knew precisely what she was getting into* and accepted it as part of a money-making endeavor) (emphasis supplied); *See United States v. Williams*, 564 Fed. Appx. 568, 577 (11th Cir. 2014) ("We agree with the court below that the girls' involvement in prostitution after [the defendant's] arrest bears no relevance to the criminal activity perpetrated by [the defendant]."); *see also United States v. Valenzuela*, 495 Fed. Appx. 817, 819-20 (9th Cir. 2012) ("Appellants cannot show the relevance of questions about prior prostitution to either Appellants' knowledge of the use of force, fraud, or coercion, or the victims' consent to work in prostitution.").[1]

Nor would this evidence provide a defense to any of the crimes charged. Accordingly, the defendant has no constitutional right to present such irrelevant evidence to the jury. *United States v. Davila*, 704 F.2d 749, 753 (5th Cir. 1983) ("[W]hatever probative value lay in the evidence as to possible prostitution was minuscule, and the potential for confusion was substantial."); *see also United States v. Powell*, 226 F.3d 1181, 1199 (10th Cir. 2000) (holding

---

[1] The force of this reasoning is obvious in the forced labor context, *see* 18 U.S.C. § 1589. The fact that a farm worker had previously or subsequently worked on a farm does not suggest that a defendant did not use force, fraud, or coercion to compel the worker to labor on the defendant's farm during the dates alleged. No one has the right to compel someone to work against her free will. This principle applies with equal force whether the labor in question involves farming or commercial sex acts. Or, put simply, consent in one situation does not equate to consent in the other. *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993) ("A woman's consensual sexual activities with certain individuals in no way imply consent to similar activities with others"); *United States v. Saunders,* 943 F.2d 388, 392 (4th Cir. 1991) ("[I]t is intolerable to suggest that because [a] victim is a prostitute, she automatically is assumed to have consented with anyone at any time"). Regardless of what choices a sex trafficking victim may have made before or after the charged time period, it was still a crime for the defendant to recruit, entice, harbor, transport, provide, or obtain the victim knowing that force, fraud, or coercion would be used to cause her to engage in commercial sex acts.

that evidence offered to support defense that victim consented to travel with defendant and to rebut inferences that victim was sexually naive, innocent, and unsophisticated prior to her alleged kidnapping was not relevant and properly excluded under Rule 412).

The government anticipates that the defense may argue that introduction of such evidence is necessary to impeach the victims' credibility. However, impeaching a victim's truthfulness is not a recognized exception to Rule 412. *United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000). Evidence of a victim's alleged sexual predisposition, other sexual behavior, and unrelated prostitution acts has no bearing on a victim's credibility. *See, e.g., Elbert*, 561 F.3d at 777 ("[U]nchastity of a victim has no relevance whatsoever to [the victim's] credibility as a witness."); *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992) (holding that the "fact that [the victim] posed in the nude or acted in pornographic performances does not in any way indicate that she is a dishonest person or had a motive to lie in this case"); *Doe*, 666 F.2d at 47 ("[R]eputation and opinion concerning a victim's past sexual behavior are not relevant indicators of the likelihood of her consent to a specific sex act or her veracity."). It has no impeachment value because evidence that the victim previously or subsequently engaged in unrelated sexual behavior – including prior or subsequent commercial sex acts – does not contradict evidence that the victim engaged in the commercial sex acts for which the defendant has been charged. *Elbert*, 561 F.3d at 777.

Indeed, the Ninth Circuit has recognized that the Sixth Amendment right to confront and cross-examine witnesses is not unlimited, and that a trial judge has "wide discretion in limiting the scope of cross-examination." *United States v. Payne*, 944 F.2d 1458, 1469 (9th Cir. 1991). In *Payne*, the court recognized that the Confrontation Clause does not automatically trump the protections of Rule 412, and that evidence of a victim's prior sexual conduct can properly be excluded where the probative value is minimal compared to the prejudicial effect. The *Payne* Court further noted that the Ninth Circuit had previously found that "a trial court's limitation of cross-examination on an unrelated prior incident, where its purpose is to attack the general credibility of the witness, does not rise to the level of a constitutional violation of the defendant's confrontation rights." *Id*. (citations omitted).

As noted in *United States v. Thompson*, 178 F.Supp.3d 86 (W.D.N.Y. 2016), a victim's "prior prostitution conviction . . . has relatively little impeachment value. On the other hand, in addition to possibly serving to harass or embarrass the victim, impeaching a victim in a

prostitution case with the victim's prior acts of prostitution has the potential to unnecessarily confuse the jury by suggesting that, because prostitution is illegal, the victims' testimony is inherently suspect or that the defendant's alleged conduct is less culpable." *See also United States v. Powell,* 226 F.3d 1181, 1198-99 (10th Cir. 2000) (evidence of minor victim's past sexually suggestive behavior with other men properly excluded); *United States v. Anderson*, 139 F.3d 291, 303 (1st Cir. 1998) (using prior commercial sex acts to impeach the victim's credibility "embod[ies] a particularly offensive form of stereotyping" and is not permissible); *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992) (holding that the "fact that [the victim] posed in the nude or acted in pornographic performances does not in any way indicate that she is a dishonest person or had a motive to lie in this case"). *United States v. Torres*, 937 F.2d 1469 (9th Cir. 1991) (evidence of incident that occurred approximately six months after alleged aggravated sexual abuse of victim was not admissible under Rule 412 and court properly rejected defense argument that this evidence was admissible because it was relevant to victim's credibility).

Furthermore, as stated above, the jury has already heard this evidence from M.C. and E.G., who previously testified in this matter. As such, the defendant has already had an opportunity to elicit and explore this information. Thus, there is no basis for the defendant to assert that precluding him from doing so while S.B. is on the witness stand violates his constitutional rights.

**C. Rule 412 Requires Party Seeking to Introduce Evidence of Unrelated Sexual Behavior to Provide Advance Notice of Intent**

Federal Rule of Evidence 412 states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's sexual predisposition" are inadmissible. *See* Fed. R. Evid. 412(a). Subsection (c) of Rule 412, which is designed to protect victims, the Court, and the prosecution from surprise, requires a party seeking to introduce such evidence to file a motion under seal at least fourteen days before trial describing the evidence to be offered and its intended purpose. Failure to comply with this procedure results in exclusion of the evidence absent a showing of good cause. *See, e.g., United States v. Romone*, 218 F.3d 1229, 1235-36 (10th Cir. 2000). Before such evidence can be admitted, the Court "must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." *See* Rule 412(c)(2).

To date, the defense has not filed any such motion providing notice to the Court, parties, and S.B. of its intent to introduce any evidence to prove that the victims allegedly engaged in other sexual behavior unrelated to the charged crimes, or of any alleged sexual predisposition on the part of the victims. As noted above, the government nevertheless anticipates, based upon statements made by defense counsel, that the defense intends to elicit through S.B. she engaged in sexual behavior that is unrelated to the charged crimes. Nothing in Rule 412 states that the government cannot seek to exclude the evidence prior to receiving this formal notice. Nor does the Rule preclude the Court from excluding the evidence at this time under Rule 403. Accordingly, the government respectfully asks this Court to consider its motion at this time and issue a ruling barring the defense from making reference to any such evidence while S.B. is on the witness stand.

**C.      Alternatively, the Court Should Exclude Evidence of S.B.'s Other Sexual Behavior and Alleged Predisposition Pursuant to Fed. R. Evid. 403**

The Court should alternatively prohibit the introduction of any evidence of S.B.'s other sexual behavior or sexual predisposition under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* FRE 403. Even if evidence of S.B.'s unrelated sexual behavior were relevant, any probative value would be marginal at best and would be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and embarrassing this vulnerable victim. *United States v. One Feather*, 702 F.2d 736, 739 (8th Cir. 1983) ("The policy of Rule 412, to guard against unwarranted intrusion into the victim's private life, may be taken into account in determining the amount of unfair prejudice under Rule 403.").

The key issues in this case are 1) whether the acted with the knowledge that force, fraud, or coercion would be used to cause S.B. to engage in commercial sex acts; 2) whether the Defendant transported S.B. across state lines for the purpose of prostitution and 3) whether the defendant sex trafficked S.B. knowing or in reckless disregard of the fact that he was a minor. The issue is not whether and how many times S.B. had sex before or after she was victimized by the defendant or whether she had previously or subsequently engaged in prostitution in order to survive. Evidence of S.B.'s other sexual behavior and alleged sexual predisposition

"imprudently focus[es] attention on the minimally probative and collateral issue of [their] character," *Jones*, 982 F.2d at 470 n.8, and "distract[s the jury] from the main question of what actually happened [to them] on the [dates in question]," Fed. R. Evid. 404(a), Advisory Committee Notes on Proposed Rules. It further improperly suggests that S.B. is a prostitute of immoral character or a sexually active young woman who is undeserving of the law's protection. *See* 1 McCormick on Evid. § 193 (7th ed.) ("Learning of the victim's bad character could lead the jury to think that the victim merely 'got what [she] deserved' and to acquit for that reason."). Thus, even if evidence of S.B.'s unrelated sexual behavior was relevant, its exclusion would not be "arbitrary or disproportionate" to the purposes that Rule 412 was designed to serve. *See Culver*, 598 F.3d at 749 (holding that exclusion of victim's prior sexual history in child pornography prosecution was not "arbitrary or disproportionate" because it would have confused the jury and harassed the victim).

Furthermore, even if evidence of the S.B.'s other sexual behavior or sexual predisposition was relevant, its exclusion would not be "arbitrary or disproportionate" to the purposes that Rule 412 was designed to serve. *See United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010) (holding that exclusion of victim's prior sexual history in child pornography prosecution was not "arbitrary or disproportionate" because it would have confused the jury and harassed the victim). Permitting the defense to elicit evidence regarding S.B.'s unrelated sexual behavior would undoubtedly result in undue prejudice, cause undue delay, waste the Court's time, and certainly raise all the concerns expressed by Congress when it enacted Rule 412. Since the disclosure of any unrelated sexual behavior or sexual predisposition by S.B. has little, if any, probative value, it would only be used to cast aspersions on the character of S.B. As such, this evidence should be precluded while S.B. is on the witness stand.

## **CONCLUSION**

Evidence regarding S.B.'s unrelated sexual behavior or alleged sexual predisposition is not relevant to the charges, does not support a defense, and has no impeachment value. Allowing this evidence to be introduced would put S.B. on trial and distract the jury from the defendant's criminal conduct. Any probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and invading the victims' privacy. Accordingly, this Court should prohibit the defense and the defendant from: (1) seeking to elicit, from S.B., evidence offered to prove that she allegedly engaged in other

sexual behavior, to include commercial sex acts before or after being trafficked by Defendant; and (2) questioning S.B. about unrelated sexual activity, including any prior or subsequent prostitution activity unrelated to Defendant.

DATED this 29th day of February, 2020.

Respectfully submitted,

TIMOTHY SHEA

UNITED STATES ATTORNEY

　/s/ *Kenya K. Davis and Amy E. Larson*
Kenya K. Davis, D.C. Bar Number 502305
Amy E. Larson, N.Y. Bar Number 4108221
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7059 / 8654
Email: Kenya.Davis@usdoj.gov
Amy.Larson2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the GOVERNMENT'S MOTION *IN LIMINE* was duly served upon the defendant by electronic means via the Court's ECF system.

This 29ʰ day of February, 2020.

                                          /s/ *Kenya K. Davis and Amy E. Larson*
                                              Kenya K. Davis, D.C. Bar Number 502305
                                              Amy E. Larson, N.Y. Bar Number 4108221
                                              Assistant United States Attorneys
                                              555 Fourth Street, N.W.
                                              Washington, D.C. 20530
                                              Telephone: (202) 252-7059 / 8654
                                              Email: Kenya.Davis@usdoj.gov
                                              Amy.Larson2@usdoj.gov