# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Nos. 19-00369 (APM) |
| | ) | 18-00357 (APM) |
| TERRELL ARMSTEAD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Terrell Armstead is before the court in two cases. In 18-cr-357, he pleaded guilty to one of count of conspiracy to commit an offense against the United States, 18 U.S.C. § 371, and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1); he is awaiting sentencing in that matter. In 19-cr-369, a jury found Defendant guilty of one count of sex trafficking by force, fraud, and coercion, 18 U.S.C. § 1591, but was unable to reach a verdict on the remaining seven counts. As a result of that conviction, Defendant faces a 15-year mandatory sentence. *Id.* § 1591(b)(1). The parties in 19-cr-369 are attempting to negotiate a resolution to avoid a retrial. *See* Parties' Status Rpt., Case No. 19-cr-369, ECF No. 118. Defendant now seeks release in both cases pursuant to 18 U.S.C. §§ 3142(i) and 3143, citing the COVID-19 pandemic and its spread within D.C. Department of Corrections facilities. *See* Def.'s Mot., Case No. 19-cr-369, ECF No. 119 [hereinafter Def.'s Mot.], at 2–3.[1] Defendant claims to suffer from asthma, placing him "within the 'vulnerable population' as it relates to COVID-19." *Id.* at 5. He asks the

---
[1] Plaintiff filed an identical motion at ECF No. 84 in 18-cr-357.

court to release him into the High Intensity Supervision Program in the custody of his mother. *See id.* at 10. For the reasons that follow, Defendant's motion is denied.

I.

Section 3142(i) provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Although Defendant alludes to difficulties in communicating with counsel due to newly installed access restrictions at the jail designed to stem the spread of COVID-19, Def.'s Mot. at 8–9, he does not seriously argue that Defendant's release is "necessary for preparation of" his defense—and for good reason. It is not clear at this time whether there will in fact be a retrial in 19-cr-369, and even if such a retrial were to occur, it is not scheduled to start until May 26, 2020, defeating any "necessity" for immediate release to prepare a defense in a case already tried once before.

Defendant's motion under § 3142(i) thus primarily rests on the assertion that the spread of COVID-19 within the jail and his asthmatic condition constitute "another compelling reason" for temporary release. But in so arguing, Defendant overlooks another element of § 3142(i): that he be released to "another appropriate person." 18 U.S.C § 3142(i). Defendant makes no effort to explain why his mother would fit the bill. *See United States v. Lee*, Criminal No. 19-cr-298 (KBJ), 2020 WL 1541049, at \*7 (D.D.C. Mar. 30, 2020) (rejecting release, in part, under § 3142(i) because the defendant did "not explain how his proposal for temporary release to live with his mother would satisfy" the "another appropriate person" requirement). And he would have trouble doing so, if he were to try. The court heard evidence at trial that Defendant's mother facilitated his communications with Sadie, one of the alleged victims of Defendant's sex trafficking, while

2

both were incarcerated, in violation of institution rules and, possibly, in aid of his efforts to obstruct justice. *See* Trial Tr., March 4, 2020, PM, Case No. 19-cr-369, ECF No. 108, at 25. Therefore, Defendant's mother is not, on the present record, an "appropriate person" to whom the court would temporarily release Defendant under § 3142(i).[2]

## II.

Release also is not appropriate under any other Bail Reform Act provision. Defendant cites 18 U.S.C. § 3143, which governs release pending sentencing, but that provision does not authorize his release in this case. Under § 3143(a)(2), the court is required to detain Defendant pending sentencing because of his conviction under 18 U.S.C. § 1591, unless the court finds, among other things, that there "is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. §§ 3143(a)(2); 3142(f)(1)(A). Neither of these exceptions apply here. Thus, release under § 1343 is not available.

Section 1345(c), which Defendant does not specifically cite, provides a potential avenue for release. Under that provision, a judicial officer (including a district court) "may" release a person subject to detention under § 3143(a)(2), if the person "meets the conditions of release set forth in section 3143(a)(1)," and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Harris*, Criminal No. 19-cr-356, 2020 WL 1503444, at *3–4 (D.D.C. Mar. 27, 2020) (holding that a district court qualifies as a "judicial officer" for purposes of § 3145(c)).[3] Section 3143(a)(1), in

---

[2] The court takes no position, at this time, on whether the spread of COVID-19 within the jail, combined with Defendant's claimed asthmatic condition constitutes a "compelling reason." The court notes that Defendant has not provided any actual evidence to support the diagnosis or its severity.

[3] Section 3145(c) also references release under § 3143(b)(1), but that provision is inapplicable here as it relates to release pending an appeal or a petition for a writ of certiorari, so the court does not discuss it.

turn, permits release pending sentencing where the judicial officer "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

In this case, the court need not decide whether the spread of COVID-19 within the jail along with Defendant's claimed asthmatic condition, constitutes "exceptional reasons" under § 1345(c), because the court cannot find by clear and convincing evidence that there is a combination of conditions that would ensure the safety of any other person or the community if Defendant were released. Defendant stands convicted of serious and dangerous offenses. In 18-cr-357, Defendant pleaded guilty to two offenses that involved acquiring two firearms in July 2018. The court then heard evidence during the trial in 19-cr-369 that Defendant used those firearms in furtherance of his sex trafficking operation. Olga (another sex trafficking victim) testified at length, for example, concerning Defendant's pointing of the guns at her and Sadie. *See* Trial Tr., Feb. 28, 2020, PM, Case No. 19-cr-369, ECF No. 102, at 100–09, 141–44. Sadie testified to the same effect. *See* Trial Tr., March 3, 2020, PM, Case No. 19-cr-369, ECF No. 106, at 117–21, 128–30. The court also heard testimony from Sadie that Defendant had threatened to "kill [her] if [she] ever told on him," *id.* at 107–08; *see also* Trial Tr., March 4, 2020, PM, Case No. 19-cr-369, ECF No. 108, at 85, as well as evidence demonstrating Defendant's efforts to shape the statements Sadie made to law enforcement, *see* Trial Tr., March 4, 2020, AM, Case No. 19-cr-369, ECF No. 107, at 97–99. Having convicted Defendant of the sex trafficking count relating to Olga, the jury evidently found her testimony to be credible, which by itself demonstrates the danger that Defendant presents. And, although the jury did not reach verdicts on the counts concerning Sadie or obstruction, the court found Sadie's testimony to be compelling and more than sufficient to establish that Defendant presents a danger to Sadie in particular and to the community generally.

Finally, the court notes that Defendant has multiple prior convictions, including one for armed robbery and one for felon in possession. *See* Pretrial Services Report, Case No. 19-cr-369, ECF No. 16, at 4–5. In short, the court cannot find by clear and convincing evidence that there exists a combination of conditions that would ensure the safety of any individual and the community were Defendant to be released.

    For the foregoing reasons, Defendant's motions for release are denied.

Dated: April 10, 2020

Amit P. Mehta
United States District Court Judge