#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
|     V. : | Criminal Action 19-CR-369 (APM) |
| : | Judge Amit P. Mehta |
| TERRELL ARMSTEAD : | |
|     Defendant. : | |

#### DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDERS

Comes now the Defendant Terrell Armstead, by and through undersigned counsel, and respectfully moves this Court to modify the protective orders governing the materials involved in this case and permit certain materials to be provided to Defendant. In support of this motion, Defendant states as follows:

On August 1, 2019, this court entered a Minute Order granting the government's consent motion requesting a protective order governing discovery materials provided in this case. Further, this court entered a subsequent protective order on January 6, 2020. (Document 47). Additionally, on February 26, 2020, this court granted the government's motion *in limine* to protect the identity of the government's civilian witnesses at trial. As a result, undersigned counsel has been able to discuss and review discovery materials with defendant in person but has been precluded from providing copies of such materials to defendant and leaving with defendant at the D.C. Jail.

Fed. R. Crim. P. 16(d)(1) addresses the court's authority to issue and modify protective orders regarding discovery. The rule states, in relevant part: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief…"

As all but one count resulted in a mistrial, it is necessary to review the case materials further in preparation for a re-trial of this matter. Since the time of the first trial, the D.C. area and the nation have been ravaged by the COVID-19 pandemic, essentially bringing normal life to a halt. The COVID-19 pandemic has infiltrated the walls of the D.C. Jail and continues to cause significant issues with allowing attorney-client consultation. Despite mitigation efforts by the Department of Corrections, the disease continues to run rampant amongst the facility and is spreading to more and more inmates. Efforts have been made to reduce the inmate population, encourage social distancing amongst the population, and decrease the spread, but with little to no progress being made. DOC remains a high-risk area for any person to enter and that risk would be exacerbated by an extended visit in the close confines of the legal visitation rooms. It is not reasonable or realistic for defense counsel to be forced to place himself or his family at risk of contracting this deadly disease merely to review documents with Defendant at the D.C. Jail.

Based upon the ongoing risks at the jail, the uncertainty of when that risk will be mitigated, and the Defendant's rights and needs to review his discovery materials, Defendant is requesting that the court modify the protective orders in this matter and permit defense counsel to provide physical copies of discovery materials to Defendant at the D.C. Jail. Given that much of the material was provided and reviewed in preparation for the first trial and substantial materials became part of the public record as it was introduced as trial exhibits, there is minimal risk associated with allowing defendant to retain these materials for review.

WHEREFORE, Defendant respectfully requests that the Court grant this motion and permit undersigned counsel to provide physical copies of discovery materials to Defendant for review in preparation for a re-trial of the charges against him.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: May 13, 2020 | */s/ Jonathan Zucker* |

Jonathan Zucker, Esq., #384629
Peter Wright, Esq., #187407
37 Florida Av, NE Suite 200
Washington, DC 20002
jonathanzuckerlaw@gmail.com
202-624-0784

## CERTIFICATE OF SERVICE

I certify that on May 13, 2020, I caused the foregoing to be filed with the court using the CM/ECF system that will send notification of such filing to all counsel of record.

/s/
Jonathan Zucker